SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

75
KA 10-01982
PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT

V                                                    MEMORANDUM AND ORDER

JAMEL BRADFORD, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered August 11, 2010. Defendant was convicted, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law §§ 110.00, 220.16 [1]). Defendant contends that the police unlawfully arrested and searched him based on his commission of minor infractions, i.e., failing to wear a seatbelt and failing to use the sidewalk, and that there were reasonable alternatives to arresting him. We reject that contention. The police noticed that the vehicle in which defendant was a passenger had failed to signal a turn appropriately. The police attempted to stop the vehicle by activating the lights and sirens of their patrol vehicle, but the driver of the vehicle failed to pull over, and one of the officers noticed that defendant was not wearing a seatbelt. When the vehicle finally stopped, defendant immediately fled from it and ran down the middle of the street. Defendant was subsequently apprehended by a second set of police officers. Under those circumstances, we conclude that, contrary to defendant's contention, the issuance of a summons would not have been a reasonable "alternative to custodial arrest" (*People v Henry*, 181 Misc 2d 689, 694; *see generally* Vehicle and Traffic Law § 207). Here, defendant's conduct demonstrated that he was "intent on not cooperating with the police," that he would "not even temporarily submit to the[ ] authority [of the police] for the purpose of the issuance of a summons," and that "he wanted to escape from the police and avoid prosecution altogether" (*People v Bradford*, 28 Misc 3d 1220[A], 2010

NY Slip Op 51415[U], *8).  We therefore conclude that the police acted reasonably in arresting defendant (*see id.*).

Entered:  February 7, 2014                    Frances E. Cafarell
                                              Clerk of the Court